THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:



DATED: January 10, 2012

_____
Honorable Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
_____

IN RE:      RICHARD J. MAREK,                    Case No. 11-35778-pp

               Debtor.                           Chapter 7
_____

**ORDER IMPOSING PENALTIES, FINDING CIVIL CONTEMPT AND
ENJOINING JENNELL MCKINLEY, A/K/A JENNELL MCKENLE, FROM
ACTING AS A BANKRUPTCY PETITION PREPARER UNTIL FURTHER
ORDER OF THE COURT**
_____

On November 23, 2011, the United States Trustee filed a motion for a determination of the reasonable value of services provided by Jennell McKinley. Ms. McKinley (whose name in the above case is, in some places, spelled "McKenle") signed the debtor's papers as the petition preparer, and stated that she had accepted $180 for her services. The UST's motion also asked the Court to assess a fine against Ms. McKinley for violating 11 U.S.C. § 110, order her to refund to the debtor the $180 she charged him, and award any other such relief as the Court might deem just. The UST provided notice of the hearing on this motion to Jennell McKinley at 6155 N. 37th Street, Milwaukee,

1

WI 53209–the address she listed on the debtor's petition as being her business address.

The Court held the hearing on January 5, 2012. Jennell McKinley did not appear. (The Court does not know whether McKinley received notice of the hearing–as discussed below, the debtor testified that he'd researched the address she listed on the petition, and it did not appear to be either a business or a residence.) Debra Schneider, counsel for the United States Trustee, did appear. At the hearing, the debtor testified extensively about the experience he had had with Ms. McKinley. He stated that when began thinking about filing for bankruptcy, his boss showed him an ad in the weekly shopper magazine, in which the advertiser represented him/herself as a paralegal who could prepare bankruptcies. The debtor stated that he called the number in the ad more than once, and each time received a voice mail message, recorded by what sounded like an elderly woman who identified the organization as "Helping Hands." The message said the organization would return the call within the hour. The debtor testified that he did receive a return call, from a woman who identified herself as "Jen."

The debtor eventually met with "Jen" at a Burger King restaurant. "Jen" told the debtor that she was a paralegal, and that paralegals could do anything that lawyers could do, but that each state had a cap on the fees paralegals could charge (in contrast to lawyers, who had no cap on their fees). She told the debtor that the paralegal fee cap in Wisconsin was $180. The debtor paid

2

"Jen" $180, and she collected all of his information from him. At the hearing on January 5, the UST showed the debtor a photo of Dawn Gomez Bess, a woman who has been barred by the judges of this court from preparing bankruptcy petitions. The debtor identified this photo–published in the Milwaukee Journal-Sentinel newspaper as part of an article on petition preparers–as the woman he knew as "Jen."

The debtor testified that a significant amount of time passed during which he did not hear anything about his case. He became concerned when he did not receive a date to meet with the trustee. He contacted "Jen," who told him that when she'd first tried to file the case, it had not "gone through" because of the fact that the paperwork showed that the debtor had used a petition preparer. The debtor followed up with a call to the bankruptcy court's automated case management system, at which time he learned that he did not have a bankruptcy case on file. He talked with "Jen" again, trying to find out her office address. She gave him an address on Forest Home Avenue; when he tried to go to that address, he found that it did not exist. Further contacts eventually put him in touch with someone who identified herself as Jennell McKinley. Ms. McKinley indicated that she would prepare the bankruptcy papers for the debtor, because she felt sorry for him that he'd paid "Jen" $180 and not had his case filed. The debtor never met Jennell McKinley in person–he only spoke with her on the telephone.

On October 18, 2011, someone filed a petition for the debtor. It was

3

incomplete, and the court sent out a deficiency notice.  Thus, the debtor began to receive information in the mail informing him that, while his case had been filed, it had problems.  He continued to contact Jennell McKinley, who indicated that she would correct the problems.  When the debtor appeared for his meeting with the trustee on November 28, 2011, however, he learned from the trustee that he still was missing certain documents and information that should have been filed.

The debtor attempted to find Jennell McKinley at the address she'd listed on the petition, 6155 N. 37th Street, Milwaukee, 53209.  The debtor testified that he'd put this address into the Google Earth application on the computer, and had been able to determine that it wasn't an office building or residence.  The debtor acknowledged, when he looked at his petition in court, that Ms. McKinley had put only the last four digits of her Social Security number on the petition, rather than listing the full number as required by § 110.  The debtor expressed extreme frustration, both at the January 5 hearing and at an earlier hearing on December 22, 2011 on the debtor's application for waiver of the Chapter 7 filing fee, with the fact that he had relied on these women–"Jen," or Dawn Gomez Bess, and Jennell McKinley–and that they had "scammed" him.

The woman had given the debtor a facsimile number to which to fax documents; that number turned out to be the telephone number for a residential telephone.  "Jen" had given the debtor a cell phone number; a Google search revealed that that number–414-722-2722--was registered to a

4

"Dawn Marie Services" in Greenfield, Wisconsin. The site purports to be for a house cleaning business, indicating that the owner had been in Greenfield, Wisconsin since 2001, having moved from Tucson, Arizona. (The site address is http://dawnmarieservices.com.)

The Court found that Jennell McKinley had failed to comply with 11 U.S.C. § 110(c)(1), which requires an individual petition preparer to place the preparer's Social Security number on the documents; only four digits appear on Jennell McKinley's petition preparer declaration. The Court also found that Jennell McKinley was working in concert with barred petition preparer Dawn Gomez Bess to prepare petitions in spite of the fact that there are court orders prohibiting Ms. Bess from preparing petitions or assisting people in filing bankruptcies. The Court further found that the $180 that "Jen"/Jennell McKinley charged the debtor for the services–using that term quite loosely–that they provided the debtor was unreasonable. The Court found that in tandem, the women failed to provide the services they had promised the debtor. They misled the debtor as to their capabilities–"Jen" representing that she could do anything a lawyer could do, but that Wisconsin capped her paralegal fee at $180 (Wisconsin has no fee cap for paralegal services), providing the debtor with false addresses and questionable telephone numbers, no one telling the debtor that "Jen" had been barred by court order from preparing bankruptcy petitions. The Court found that "Jen"/Dawn Gomez Bess and Jennell McKinley committed fraudulent, unfair and deceptive acts with regard to the

5

debtor.

For these reasons, and for reasons set forth in detail on the record, the Court hereby **ORDERS**:

1. That Jennell McKinley shall, within thirty (30) days of this order, refund to debtor Richard Marek the sum of one-hundred eighty dollars ($180), the amount the paperwork indicates that the debtor paid Jennell McKinley for her petition preparer services. 11 U.S.C. § 110(i)(1)(A).

2. That Jennell McKinley shall, within thirty (30) days of this order, pay to the debtor the sum of five-hundred dollars ($500), as a fine for violating the provisions of 11 U.S.C. § 110. 11 U.S.C. § 110(i)(1)(B).

3. That Jennell McKinley shall, within thirty (30) days of this order, pay to the United States Trustee for the Eastern District of Wisconsin, a fine in the amount of five-hundred dollars ($500) for her failure to provide the correct identifying number, as required by 11 U.S.C. §§ 110(c)(1) and (c)(2)(A).

4. That Jennell McKinley shall, within forty-five (45) days of the date of this order, file with the Court a certification or affidavit proving that she has paid the sums ordered above, or face further sanctions for contempt of court.

The Court further **ORDERS** that for failing to comply with the

requirements of § 110–specifically, for using a false Social Security number in the petition preparer certifications–Jennell McKinley is hereby **BARRED** from providing petition preparer services of any kind in the Eastern District of Wisconsin until she appears before the Court and (1) explains why the Social Security number on the debtor's petition was an incomplete Social Security number; and (2) provides the Court with her correct Social Security number. Only when this Court has issued an order lifting this bar may Jennell McKinley prepare bankruptcy petitions in this District once more.

    The Court hereby **CERTIFIES** these factual findings to the District Court for consideration of whether it should impose sanctions on Jennell McKinley for criminal contempt. The Court **ORDERS** that the Clerk of the Bankruptcy Court is to transmit the record in this case to the District Court.

# # # # #

7

Case 2:12-mc-00001-CNC   Filed 01/10/12   Page 7 of 7   Document 1