UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE CONTEMPT PROCEEDINGS
FOR JENNELL MCKINLEY,
A/K/A JENNELL MCKENLE,

Case No. 12-MISC-1

UNITED STATES TRUSTEE,

Interested Party.

ORDER REFERRING MATTER TO U.S. ATTORNEY FOR CONSIDERATION
OF WHETHER TO PROSECUTE FOR CRIMINAL CONTEMPT

On January 10, 2012, upon motion of the U.S. Trustee, U.S. Bankruptcy Judge Pamela Pepper found Jennell McKinley in civil contempt, imposed penalties, and enjoined McKinley from acting as a bankruptcy petition preparer. In the same written order, Judge Pepper certified her factual findings so that this court may consider whether McKinley should be held in criminal contempt and sanctioned.[1]

At a hearing and in her order Judge Pepper found that McKinley had failed to place her Social Security number on the documents in violation of 11 U.S.C. § 110(c)(1); was working in concert with a petition preparer, Dawn Gomez Bess, whom the court had prohibited from preparing petitions or assisting people in filing bankruptcies; had charged Debtor Richard J. Marek $180 for services; together with Bess had failed to provide Marek with promised services and misled him as to their capabilities; and together with Bess had provided Marek with false addresses and questionable telephone numbers. *In re Marek*, No. 11-35778-pp, slip op. at 5-6 (Bankr. E.D. Wis. filed Jan. 10, 2012).

---

[1] It is unclear whether bankruptcy judges have criminal-contempt power. *Cox v. Zale Del., Inc.*, 239 F.3d 910, 916 (7th Cir. 2001). (Their civil contempt power is governed by Fed. R. Bankr. P. 9020, which then refers to Fed. R. Bankr. P. 9014. *See Cox*, 239 F.3d at 916-17.) However, this court has criminal contempt power under 18 U.S.C. § 401.

In addition, Judge Pepper found the $180 fee charged to have been unreasonable and that McKinley and Bess committed fraudulent, unfair and deceptive acts with respect to Marek. The judge ordered McKinley to refund the $180 fee and fined McKinley $500 to be paid to Marek and $500 to be paid to the U.S. Trustee for the violations of 11 U.S.C. § 110. Also, Judge Pepper barred McKinley from providing petition preparer services until McKinley met certain requirements. *Id.* at 6-7.

This court notes that recent bankruptcy case filings confirm McKinley's payment of the amounts owed to Richard Marek. *In re Marek*, No. 11-35778-pp, slip op. at 3-4 (Bankr. E.D. Wis. filed April 11, 2012). The fine payable to the U.S. Trustee is now due by May 11, 2012, and the bar on her preparation of any petitions in this district remains in effect. *Id.* at 5-6.

In a non-core proceeding, a bankruptcy judge files proposed findings of fact. Fed. R. Bankr. P. 9033(a). Parties may file objections to the proposed findings within fourteen days. Fed. R. Bankr. P. 9033(b). Following Judge Pepper's order of civil contempt and the findings that were certified to this court, the time for McKinley to object expired and no request for an extension of time was filed.[2] Although this court would have reviewed de novo any portion of Judge Pepper's findings to which written objection was made, Fed. R. Bankr. P. 9033(d), when no objection is made this court reviews such findings under the clearly erroneous standard, Fed. R. Bankr. P. 9033 adv. comm. note 1987; Fed. R. Civ. P. 72 adv. comm. note 1987. Thus, this court reviews the certified findings in this case for clear error.

Federal Rule of Criminal Procedure 42(a) provides for punishment for criminal contempt only after prosecution on notice. Further, the rule indicates that the court must

---

[2] According to the bankruptcy case docket in case 11-35778-pp, document 23, on January 12, 2012, Jennell McKinley was mailed a copy of Judge Pepper's order. Nothing on the docket indicates that the mail was returned. Moreover, McKinley filed a document almost two months later seeking a payment plan for paying her fines, indicating she received Judge Pepper's order. *In re Marek*, No. 11-35778-pp, letter (Bankr. E.D. Wis. filed Mar. 2, 2012).

2

request prosecution by an attorney for the government. Fed. R. Crim. P. 42(a)(2). Such a request involves referring the case to the U.S. Attorney to consider prosecution. *See In re Maurice*, 69 F.3d 830, 834 (7th Cir. 1995) (forwarding copy of opinion to U.S. Attorney to serve as request to initiate prosecution); *In re Contempt Proceedings for Morrison*, No. 11-MC-68-JPS, slip op. (filed Nov. 30, 2011); *In re Contempt Proceedings for Bess*, No. 11-Misc-35, 2011 WL 4916437 (E.D. Wis. Oct. 17, 2011).

This court sees no clear error in Judge Pepper's findings of fact and conclusions of law regarding civil contempt and finds them sufficient for a referral to the U.S. Attorney for possible prosecution of criminal contempt. The findings and conclusions are thorough and well-reasoned. Therefore,

IT IS ORDERED that the factual findings and conclusions of law contained in Judge Pepper's order of January 10, 2012, in case 11-35778-pp regarding Jennell McKinley are adopted in their entirety by this court and incorporated herein.

IT IS FURTHER ORDERED that this matter is referred to the U.S. Attorney for the Eastern District of Wisconsin for consideration of whether to prosecute Jennell McKinley a/k/a Jennell McKenle for criminal contempt of court under 18 U.S.C. § 401 and Fed. R. Crim. P. 42 based on McKinley's conduct in and before the bankruptcy court as described in the adopted findings and conclusions.

Dated at Milwaukee, Wisconsin, this 2nd day of May, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE